UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

EDILBERTO CAVERO
    Plaintiff

Vs                         CASE #:

VANTIUM CAPITAL INC d/b/a
STRATEGIC RECOVERY GROUP
    Defendant



## COMPLAINT

Plaintiff, Edilberto Cavero, individually, hereby sues Defendant VANTIUM CAPITAL INC d/b/a STRATEGIC RECOVERY GROUP and alleges;

### PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Fair Credit Reporting Act (FCRA) 15USC § 1681b et seq; for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15USC §1692e; 1692e (2); 1692e (5); 1692e (10); 1692f (1), and for damages for violations of the Florida Consumer Collection Practices Act (FCCPA) FLA STAT §559 (Part VI).

2. Plaintiff contends that the Collection Company Defendant have violated such laws by attempting to collect an alleged and non- existing debt

### JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 15 U.S.C. §1692k (d), Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

5. This is an action for damages, which not exceed $3,000.00

1

## PARTIES

6. Plaintiff, EDILBERTO CAVERO, is a natural person and is a resident of the State of Florida.

7. Upon information and belief, Defendant, VANTIUM CAPITAL INC d/b/a STRATEGIC RECOVERY GROUP (SRG) is a foreign corporation authorized to do business in the State of Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person allegedly obligated, to pay a debt asserted to be owed or due a creditor.

9. Plaintiff's alleged obligation, owed or due, or asserted to be owed or due a creditor, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. On or around November 29, 2013, Plaintiff pulled his consumer credit Report from Experian, Equifax and Trans Union and found entries by entities that he was unfamiliar with in the reports.

11. Plaintiff determined that his consumer credit report had been pulled on various occasions by entities he did not recognized and without his consent

12. Plaintiff found after examination of his Experian consumer credit report that Defendant SRG had pulled Plaintiff's consumer credit report on August 5, 2013

13. Defendant SRG accessed Plaintiff's consumer report in attempting to collect on an alleged account that Plaintiff did not have.

14. Discovery of violations brought forth herein occurred in November 29, 2013, and are within the statute of limitations as defined in F.C.R.A 15 U.S.C. §1681p.

15. Plaintiff sent a notice to Defendant SRG of their violations of the FDCPA, FCCPA and FCRA. This was sent in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's Credit report before taking civil action.

16. On March 20, 2014, Plaintiff received an email from Mrs. Chalise R. Freitag Vice President, Assistant General Counsel for Vantium Capital, Inc. After an exchange of emails the parties did not get to solve their differences, therefore without any more options at hand, Plaintiff decided to take legal action as his last resort.

## **COUNT I**

## **VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 BY DEFENDANT SRG**

17. Plaintiff alleges and incorporates the information in paragraphs 1 through 16.

18. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

19. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a (f).

20. Defendant SRG is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

21. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

22. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

23. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant SRG.

24. **On August 5, 2013** Defendant SRG obtained the Experian consumer credit report of the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.

25. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

26. At no time did Plaintiff give his consent for SRG to acquire his consumer credit report from any credit reporting agency.

27. SRG willfully and negligently violated the FCRA. Defendant violations include, but are not limited to the following:

a) Defendant SRG <u>willfully</u> violated 15 U.S.C. §1681b (f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

(b) Defendant SRG <u>negligently</u> violated 15 U.S.C. §1681b (f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

WHEREFORE, Plaintiff demands judgment for damages against Defendant SRG and $1,000.00 for actual or statutory damages per violation, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANT SRG

28. Plaintiff alleges and incorporates the information in paragraphs 1 through 27.

29. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a (3).

30. The Plaintiff has been the subject of collection activity arising from an alleged and non- existing Consumer debt

31. Defendant SRG is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a (6).

32. Defendant SRG violated §1692e by the use of any false, deceptive or misleading representation or means in connection with the collection of an alleged debt. Defendant SRG falsely represented to the consumer reporting agencies the existence of an alleged consumer debt and by doing so claimed to have permissible purpose to obtain Plaintiff's consumer credit reports. Plaintiff demands judgment for the amount of $1,000.00.

33. Defendant SRG violated §1692e (2) misrepresenting the character, amount, or legal status of the alleged debt. By falsely claiming the existence of an alleged debt SRG obtained Plaintiff's credit report illegally. Plaintiff demands judgment for the amount of $1,000.00.

34. Defendant SRG violated §1692e (5) by threaten to take any action that cannot legally be taken or that is not intended to be taken. By obtaining Plaintiff's credit report under false pretenses attempting to collect an alleged and non-existing debt. Plaintiff demands judgment for the amount of $1,000.00.

35. Defendant SRG violated §1692e (10) by the use of false representation or deceptive means to collect a debt or obtain information about a consumer. SRG obtained Plaintiff's credit report claiming the existing of an alleged debt. Plaintiff demands judgment for the amount of $1,000.00.

4

36. Defendant SRG violated §1692 f (1) by attempting to collect any amount not authorized by the agreement creating the debt or permitted by law. By requesting Plaintiff's credit report attempting to collect an unknown amount on an alleged consumer debt. Plaintiff demands judgment for the amount of $1,000.00.

WHEREFORE, Plaintiff demands judgment for damages against Defendant SRG and actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## COUNT III
## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA STAT §559(Part VI) BY DEFENDANT SRG

37. Plaintiff alleges and incorporates the information in paragraphs 1 through 36.

38. Plaintiff is a consumer within the meaning of §559.55(2).

39. Defendant SRG is a debt collector within the meaning of §559.55(6).

40. Florida Statute 559.715 states: *This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt. The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.* Defendant SRG did not comply with Florida Rule 559.715 which is a condition precedent before commencing any collection attempts.

41. Defendant SRG violated §559.72(9) by claiming, attempting or threatening to enforce a debt knowing that the debt was not legitimate or by asserting the existence of some other legal right knowing that the right does not exist. SRG claimed to have the legal right to collect an alleged and non-existing debt of the consumer when they requested Plaintiff's credit report. Plaintiff demands judgment for the amount of $1,000.00.

WHEREFORE, Plaintiff demands judgment for damages against Defendant SRG for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

April 16, 2014

Respectfully submitted,

*[signature]*

Edilberto Cavero
1421 SW 104 AVE # 259
MIAMI FL 33174
PH: 786-295-7615
ecavero@aol.com